UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK

Jean-Marc Zimmerman (JZ 7743)
Zimmerman, Levi & Korsinsky, LLP
226 St. Paul Street
Westfield, NJ 07090
Tel: (908) 654-8000
Fax: (908) 654-7207

Attorneys for Plaintiff Stargazer, T.C.L.
and Imastar, S.A.

| | |
|---|---|
| STARGAZER, T.C.L. and IMASTAR, S.A.R.L, <br><br> Plaintiffs, <br><br> v. <br><br> AMERICAN EXPRESS COMPANY, <br><br> Defendant. | **Case No. 06 CV 4749** <br><br> **COMPLAINT** <br><br> **DEMAND FOR JURY TRIAL** |

For their Complaint, Plaintiffs allege as follows:

## THE PARTIES

1. Stargazer, T.C.L. ("Stargazer") is a business organized and existing under the laws of Cyprus, having a place of business at 35 Rue Pierre Brossolette, Levallois-Perret, France 92300.

2. Imastar, S.A.R.L ("Imastar") is a business organized and existing under the laws of France, having a place of business at 35 Rue Pierre Brossolette, Levallois-Perret, France 92300.

3. Upon information and belief, American Express Company (hereinafter referred to as "Defendant" or "American Express") is a business organized and existing under the laws of the State of New York, having a place of business at 200 Vessey Street, World Financial Center, New York, New York 10285.

## JURISDICTION AND VENUE

4. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332, 1338, 1367 and 2201.

5. This action includes requests for declaratory judgments of non-infringement under 28 U.S.C.§§ 2201 and 2202 of United States trademarks. This action arises under the Trademark Laws of the United States, Title 15 U.S.C. §1051, *et. seq.*

6. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391.

## FACTUAL BACKGROUND

7. American Express is the owner of the "AMERICAN EXPRESS" trademark, the American Express Logo, various "AMERICAN EXPRESS" credit card designs, "AMERICAN EXPRESS TRAVELERS CHEQUES" designs, and "MEMEBERSHIP REWARDS" trademarks (hereinafter collectively referred to as "the Marks") and has obtained the following trademark registrations for the Marks in the United States and several foreign countries: U.S. Registration Nos. 1032516, 1230270, 1024840, 1288141; France Registration Nos. 1315319, 13098199, 1642797; Malta Registration Nos. 39623, 39624; Mauritius Registration No. A/432; UAE Registration Nos. 38042, 34194, 34195, 9387, 9557; Seychelles Registration Nos. 3495, 3496, 3497, 3491, 3492, 3493; Morocco Registration No. 50487; Tunisia Registration No. 21097, among others.

8. Stargazer publishes Destination travel guides ("the Guides") for a variety of destinations. The Guides are printed on glossy, high quality paper and feature color photographs on most pages. Stargazer has been collaborating with American Express in the publication and distribution of the Guides since 1990. Since that time, the practice between the parties is that American Express selects the destinations for which it desires Guides and then requests that Stargazer prepare and publish such Guides. It typically takes Stargazer at least several months from the time that American Express requests Guides for particular destinations until such Guides are published by Stargazer.

9. The cover of the Guides prominently display the American Express Logo and the front of the Guides include several pages of text and photographs describing various financial products offered by American Express including its American Express credit cards and travelers cheques (hereinafter collectively "Cards"). For each version of the Guides, American Express reviews, revises and approves proofs submitted by Stargazer of the wording and layout of the pages of the Guides, including those pages describing the Cards.

10. The back of the Guides for each destination include a directory of upscale restaurants, hotels/resorts, stores and tourist-related services that accept the Cards ("Merchants"). The Merchants are listed for free in this directory. Most of the pages in the Guides are comprised of advertising text and photographs for those Merchants who purchase such advertising from Stargazer. Stargazer earns all its revenue from selling advertising in the Guides to Merchants. The price of the advertising varies on the size, content and placement of each advertisement. The Guides also include text and photographs about each destination and about attractions likely to be of interest to tourists to such destination. Stargazer uses letters of introduction written by American Express to solicit Merchants to appear in the directory of the Guides and to purchase advertising therein.

11. American Express provides the Guides for free to its Cardmembers by distributing the Guides through various American Express channels. The Guides have been very successful for American Express and for the Merchants featured in them by directing American Express Cardmembers to such Merchants where they make purchases for goods and services thereby financially benefiting both American Express and the Merchants.

12. Although Stargazer earns its revenue solely by means of the fees it receives from Merchants who purchase advertising in the Guides, American Express has regularly asked Stargazer to reduce the fee to be charged to specified Merchants or to provide free advertising for specified Merchants thereby providing an additional benefit to American Express.

13.     On numerous occasions, Stargazer has acted as an agent for American Express by getting merchants in a particular destination who did not previously accept the Cards to accept them thereby financially benefiting American Express. In fact, American Express has even asked Stargazer to use its knowledge of and contacts it has developed with merchants by visiting the destinations chosen by American Express to persuade particular merchants at such destinations to accept the Cards.

14.     In 2005 and 2006, American Express requested that Stargazer prepare Guides for Mauritius, Morocco, Tunisia, the Seychelles, Malta, Kenya, Dubai, Tahiti, Fiji and New Caledonia to be published in 2006 and 2007. Stargazer first published Guides for Mauritius in 1990, for the Seychelles in 1990, for Morocco in 2000, for Tunisia in 2000, for Malta in 2000, for Kenya in 2001, and for Dubai in 2003. The 2006 Guides for Tahiti, Fiji and New Caledonia that Stargazer is in the process of publishing are the first ones ordered by American Express for those respective destinations.

15.     Based on American Express' requests that Stargazer publish Guides for Mauritius, Morocco, Tunisia, the Seychelles, Malta, Kenya, Dubai, Tahiti, Fiji and New Caledonia for 2006 and 2007, Stargazer has spent a substantial amount of money and time in preparing and publishing the Guides requested by American Express.

16.     Imastar prints the Guides and is paid by Stargazer for doing so.

17.     Despite the fact that American Express requested that Stargazer publish Guides for Mauritius, Morocco, Tunisia, the Seychelles, Malta, Kenya, Dubai, Tahiti, Fiji and New Caledonia for 2006 and 2007, without any warning and without any fault on the part of Stargazer or Imastar, on or about December 15, 2005, attorneys in the United States for American Express sent a letter to Imastar demanding that it immediately cease and desist using the Marks. This letter has created a reasonable apprehension of suit on the part of Imastar.

18.     Despite the fact that American Express requested that Stargazer publish Guides for

Mauritius, Morocco, Tunisia, the Seychelles, Malta, Kenya, Dubai, Tahiti, Fiji and New Caledonia for 2006 and 2007, without any warning and without any fault on the part of Stargazer or Imastar, on or about January 4, 2006, attorneys in the United States for American Express sent a letter to Stargazer demanding that it immediately cease and desist using the Marks. This letter has created a reasonable apprehension of suit on the part of Stargazer.

19. In February 2006, American Express provided Stargazer with letters of introduction to use to solicit Merchants to appear in and purchase advertising in the Guides for Tahiti, Fiji and New Caledonia.

20. Despite the fact that American Express requested that Stargazer publish Guides for Mauritius, Morocco, Tunisia, the Seychelles, Malta, Kenya, Dubai, Tahiti, Fiji and New Caledonia for 2006 and 2007, on or about March 15, 2006, attorneys for American Express in the Untied States sent a letter to Stargazer demanding that Stargazer cease using the Marks within sixty (60) days. This letter has increased the reasonable apprehension of suit on the part of Stargazer.

21. In preparing the different Guides for 2006 and 2007, Stargazer relied upon an over 15-year business relationship with American Express in which it agreed to expend the time and money to prepare and publish the specific Guides requested by American Express with the expectation that it would earn revenue from each of the Guides ordered by American Express.

## **COUNT I**

### **(Breach of Contract)**

22. Paragraphs 1 through 21 are incorporated by reference as if stated fully herein.

23. Based on requests made by American Express that Stargazer prepare and publish Guides for Mauritius, Morocco, Tunisia, the Seychelles, Malta, Kenya, Dubai, Tahiti, Fiji and New Caledonia for 2006 and 2007, Stargazer agreed to expend the money and time to publish such Guides with the expectation that it would earn revenue from the published Guides.

24. American Express' request to Stargazer to publish such Guides was an offer that was accepted by Stargazer. Accordingly, a contract was formed between American Express and Stargazer giving Stargazer the right to use the Marks for the purpose of preparing and publishing the Guides.

25. American Express' demand that Stargazer cease using the Marks breaches the contract that exists between the parties.

26. As a result of this breach, Stargazer was harmed because it spent time and money to prepare and publish the Guides and expected to earn revenues from the publication of such Guides.

## COUNT II

**(Declaratory Judgment of Noninfringement)**

27. Paragraphs 1 through 26 are incorporated by reference as if stated fully herein.

28. Stargazer's use of the Marks on and in the Guides and on its web site does not infringe the Marks because Stargazer is licensed to use the Marks.

29. Stargazer seeks a declaration that it is not infringing the Marks.

## COUNT III

**(Declaratory Judgment of Noninfringement)**

30. Paragraphs 1 through 29 are incorporated by reference as if stated fully herein.

31. Imastar's use of the Marks on and in the Guides does not infringe the Marks because Imastar is licensed to use the Marks.

32. Imastar seeks a declaration that it is not infringing the Marks.

## COUNT IV

**(Award of 2 Years of Profits to Stargazer Pursuant to French Commercial Code Section L 442-6)**

33. Paragraphs 1 through 32 are incorporated by reference as if stated fully herein.

34. American Express' demand that Stargazer immediately cease using the Marks was made without warning, without any fault on the part of Stargazer, and despite the fact that the parties had a long established commercial relationship.

35. American Express' demand that Stargazer immediately cease using the Mark entitles Stargazer to an award of two years of its profits earned from publishing the Guides pursuant to French Commercial Code Section L 442-6.

## COUNT V

### (Award of 2 Years of Profits to Imastar Pursuant to French Commercial Code Section L 442-6)

36. Paragraphs 1 through 35 are incorporated by reference as if stated fully herein.

37. American Express' demand that Imastar immediately cease using the Marks was made without warning, without any fault on the part of Imastar, and despite the fact that the parties had a long established commercial relationship.

38. American Express' demand that Imastar immediately cease using the Mark entitles Imastar to an award of two years of its profits earned from printing the Guides pursuant to French Commercial Code Section L 442-6.

## COUNT VI

### (Tortious Interference with Contractual Relationship)

38. Paragraphs 1 through 38 are incorporated by reference as if stated fully herein.

39. Defendant has tortiously interfered with Stargazer's contractual relationships with Merchants contrary to the laws of the State of New York. As a result of this tortious interference, Stargazer has suffered and will continue to suffer damages in the form of lost advertising revenue earned from publishing the Guides for American Express.

40. But for this tortious interference, Stargazer would have continued its contractual relationships with the Merchants and would have earned advertising revenues from publishing the

Guides. This interference with Stargazer's contractual relationships was and is intentional, and without justification or excuse.

41. As a direct and proximate result of Defendant's actions, Stargazer has suffered and will continue to suffer damage and irreparable injury for which there is no adequate remedy at law. Unless Defendant's actions are enjoined by the Court, Defendant will continue to harm Stargazer.

## COUNT VII

**(Tortious Interference With Prospective Economic Advantage)**

42. Paragraphs 1 through 41 are incorporated by reference as if stated fully herein.

43. Defendant has tortiously interfered with Stargazer's prospective economic advantage contrary to the laws of the State of New York. As a result of this tortious interference, Stargazer has suffered and will continue to suffer damages in the form of lost advertising revenue that would have been earned from publishing the Guides in the future for American Express.

44. But for this tortious interference, Stargazer would have continued its contractual relationship with the Merchants and would have continued to earn advertising revenue from publishing the Guides. This interference with Stargazer's prospective economic advantage was and is intentional, and without justification or excuse.

45. Unless restrained and enjoined, Defendant will persist in its intentional, unjustified interference with Stargazer's business relationships, in full disregard of Stargazer's rights, thereby causing immediate and irreparable harm.

46. As a direct and proximate result of Defendant's actions, Stargazer has suffered and will continue to suffer damage and irreparable injury for which there is no adequate remedy at law. Unless Defendant's actions are enjoined by the Court, Defendant will continue to harm Stargazer.

## COUNT VIII

**(Tortious Interference with Contractual Relationship)**

47. Paragraphs 1 through 46 are incorporated by reference as if stated fully herein.

48. Defendant has tortiously interfered with Imastar's contractual relationship with Stargazer contrary to the laws of the State of New York. As a result of this tortious interference, Imastar has suffered and will continue to suffer damages in the form of lost revenue earned from printing the Guides for Stargazer.

49. But for this tortious interference, Imastar would have continued its contractual relationship with the Stargazer and would have earned revenue from printing the Guides. This interference with Imastar's contractual relationships was and is intentional, and without justification or excuse.

50. As a direct and proximate result of Defendants' actions, Imastar has suffered and will continue to suffer damage and irreparable injury for which there is no adequate remedy at law. Unless Defendant's actions are enjoined by the Court, Defendant will continue to harm Imastar.

## COUNT IX

### (Tortious Interference With Prospective Economic Advantage)

51. Paragraphs 1 through 50 are incorporated by reference as if stated fully herein.

52. Defendant has tortiously interfered with Imastar's prospective economic advantage contrary to the laws of the State of New York. As a result of this tortious interference, Imastar has suffered and will continue to suffer damages in the form of lost revenue that would have been earned from printing the Guides in the future for Stargazer.

53. But for this tortious interference, Plaintiff would have continued its contractual relationship with Stargazer and would have earned revenue from printing the Guides. This interference with Imastar's prospective economic advantage was and is intentional, and without justification or excuse.

54. Unless restrained and enjoined, Defendant will persist in its intentional, unjustified interference with Imastar's business relationships, in full disregard of Imastar's rights, thereby causing immediate and irreparable harm.

55. As a direct and proximate result of Defendant's actions, Imastar has suffered and will continue to suffer damage and irreparable injury for which there is no adequate remedy at law. Unless Defendant's actions are enjoined by the Court, Defendant will continue to harm Imastar.

## COUNT X

### (Unjust Enrichment)

56. Paragraphs 1 through 55 are incorporated by reference as if stated fully herein.

57. Defendant has benefited and been unjustly enriched by the above-alleged conduct. Defendant has received and continues to receive income from Merchants who now accept the Cards for payment of goods and services because Stargazer convinced them to do so thereby financially benefiting from Stargazer's efforts.

58. Defendant has knowledge of this benefit.

59. Defendant has voluntarily accepted and retained this benefit.

60. The circumstances as described herein are such that it would be inequitable for Defendant to retain these ill-gotten benefits without paying Stargazer a percentage of the income earned from these Merchants.

61. Stargazer is entitled to a percentage of said ill-gotten gains, including interest, resulting from American Express' unlawful, unjust and inequitable conduct in not paying Stargazer for its actions on behalf of American Express in generating this income.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs Stargazer and Imastar demand Judgment and seek an Order:

A. declaring that American Express breached its contract with Stargazer;

B. requiring American Express to pay damages to Stargazer for breaching the contract;

C. declaring that Stargazer's use of the Marks on and in the Guides and on its web site does not infringe the Marks;

D. declaring that Imastar's use of the Marks on and in the Guides it prints does not infringe the Marks;

E. requiring American Express to pay Stargazer two years of profits Stargazer has earned from publishing the Guides, pursuant to [European cite];

F. requiring American Express to pay Imastar two years of profits Imastar has earned from printing the Guides, pursuant to [European cite];

G. declaring that American Express has tortiously interfered with Stargazer's contractual relationships;

H. declaring that American Express has tortiously interfered with Stargazer's prospective economic advantage;

I. requiring American Express to pay Stargazer damages for having tortiously interfered with Stargazer's contractual relationships;

J. requiring American Express to pay Stargazer damages for having tortiously with Stargazer's prospective economic advantage;

K. declaring that American Express has tortiously interfered with Imastar's contractual relationships;

L. declaring that American Express has tortiously interfered with Imastar's prospective economic advantage;

M. requiring American Express to pay Imastar damages for having tortiously interfered with Imastar's contractual relationships;

N. requiring American Express to pay Imastar damages for having tortiously with Imastar's prospective economic advantage;

O. declaring that American Express has been unjustly enriched by having received and continuing to receive income from Merchants who now accept the Cards for payment of goods and services because Stargazer convinced them to do;

P. requiring American Express to provide Stargazer with an accounting of all income earned by American Express over the six years preceding the filing date of this Complaint from those Merchants who now accept the Cards because Stargazer convinced them to do so;

Q. requiring American Express to pay Stargazer a percentage of the income earned by American Express over the six years preceding the filing date of this Complaint from those Merchants who now accept the Cards because Stargazer convinced them to do so;

R. awarding Stargazer and Imastar their respective attorneys fees, costs and expenses; and

S. awarding Stargazer and Imastar such other and further relief as this Court may deem proper, just and equitable.

## **DEMAND FOR JURY TRIAL**

The Plaintiffs Stargazer and Imastar hereby demand a trial by jury of all issues properly triable by jury in this action.

By: /s/Jean-Marc Zimmerman
Jean-Marc Zimmerman (JZ 7743)
Zimmerman, Levi & Korsinsky, LLP
226 St. Paul Street
Westfield, NJ 07090
Tel: (908) 654-8000
Fax: (908) 654-7207

Attorneys for Plaintiffs Stargazer, T.C.L. and Imastar, S.A.R.L.

Dated: June 17, 2006
Westfield, NJ